Date signed August 15, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| In Re: | * | |
| | * | Case No.   08-15431PM |
| VIRGILIO MARICHE RAMIREZ | * | Chapter   13 |
| | * | |
| | * | |
| Debtor(s) | * | |

### MEMORANDUM TO COUNSEL
### (Application for Compensation)

This case is before the court on the Application for Compensation on Behalf of Counsel for Debtor ("Application") filed by Edward V. Hanlon ("Counsel").  The Application was filed prior to the hearing on confirmation of the Debtor's Chapter 13 Plan.

Before ruling on the Application, the court must evaluate Counsel's record of the time and labor spent on this bankruptcy case, a prerequisite for any determination for the allowance of compensation.  *Harman v. Levin*, 772 F.2d 1150 (CA4 1985); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (CA4 1978); *In re Farrington Mfg. Co.*, 540 F.2d 653, 657 n.4 (CA4 1976).  The court must start with Counsel's time records in order to make a determination of the number of hours reasonably expended in the case.  *In re Leonard Jed Co.*, 103 B.R. 706, 711 (BC D. Md. 1989).  It is Counsel's duty to provide a statement of the number of hours worked and how these hours were spent.  *Ibid.*

Additionally, Federal Rule of Bankruptcy Procedure 2016(a) provides, in pertinent part, that:

> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred[.]

Without such a statement of time records showing the hours devoted to this case, the court cannot evaluate the Application.

cc:
Edward V. Hanlon, Esq., 5510 Cherrywood Lane, Suite G, Greenbelt, MD 20770
Timothy P. Branigan, Esquire, P.O. Box 1902, Laurel MD 20725-1902
Virgilio M. Ramirez, 6322 57th Avenue, Riverdale, MD 20737

**End of Memorandum**